IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | CRIMINAL ACTION NO. |
| v. | ) | 2:22cr246-MHT |
| | ) | (WO) |
| JOHN MAXIE GRANGER, IV | ) | |

ORDER

This cause is before the court on the unopposed motion to continue trial filed by defendant John Maxie Granger, IV. For the reasons set forth below, the court finds that jury selection and trial, now set for December 12, 2022, should be continued pursuant to 18 U.S.C. § 3161(h).

While the granting of a continuance is left to the sound discretion of the trial judge, see *United States v. Stitzer*, 785 F.2d 1506, 1516 (11th Cir. 1986), the court is limited by the requirements of the Speedy Trial Act, 18 U.S.C. § 3161. The Act provides, in part, that

> "[i]n any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the

>     defendant has appeared before a judicial
>     officer of the court in which such charge is
>     pending, whichever date last occurs."

§ 3161(c)(1). The Act excludes from that 70-day interval any period of delay resulting from a continuance based on "findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." § 3161(h)(7)(A). In granting a continuance under subsection (h)(7)(A), the court may consider, among other factors, whether the failure to grant the continuance "would be likely to ... result in a miscarriage of justice," § 3161(h)(7)(B)(i), or "would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence," § 3161(h)(7)(B)(iv).

The court concludes that, in this case, the ends of justice served by granting a continuance outweigh the interest of the public and Granger in a speedy trial. The court previously continued the trial date when

defense counsel filed an unopposed motion representing that Granger needed more time to receive and review any body- or dashboard-mounted footage of the incident that existed in the custody of the Wetumpka Police Department. In his current unopposed motion to continue, defense counsel represents that he has received and reviewed discovery from the Wetumpka Police Department and he has consulted multiple times with Granger.  Defense counsel seeks additional time to finish investigating a final discrete issue, which he represents emerged late in the investigation of the case and which he believes is likely determinative as to whether Granger accepts the pending plea offer or proceeds to trial.

Given these circumstances, the court sees no evidence of a lack of diligence on counsel's part.  A continuance is necessary to allow so that defense counsel has the reasonable time necessary to complete this task.

***

Accordingly, it is ORDERED as follows:

(1) The unopposed motion to continue trial (Doc. 31) is granted.

(2) The jury selection and trial, now set for December 12, 2022, are reset for February 6, 2023, at 10:00 a.m., in Courtroom 2FMJ of the Frank M. Johnson Jr. United States Courthouse Complex, One Church Street, Montgomery, Alabama.

The United States Magistrate Judge shall conduct a pretrial conference prior to the new trial term and shall postpone the change-of-plea and any other appropriate deadlines.

DONE, this the 22nd day of November, 2022.

                              /s/ Myron H. Thompson
                             **UNITED STATES DISTRICT JUDGE**